IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KELVIN A. SPOONER, | : | CIVIL ACTION NO. |
| | : | 1:14-CV-3897-TWT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, NATIONAL | : | |
| ASSOCIATIONS (INC), | : | **ORDER AND FINAL REPORT AND** |
| | : | **RECOMMENDATION ON A** |
| Defendant. | : | **MOTION TO DISMISS** |

Plaintiff initiated this wrongful foreclosure action by filing a Complaint in the Superior Court of Rockdale County on October 31, 2014. On December 8, 2014, Defendant Wells Fargo Bank, National Associations (INC) ("Wells Fargo") removed the action to this Court. *See* Notice of Removal [1]. The action is now before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint [4] ("Motion to Dismiss"), Plaintiff's Motion for Discovery [15], and Plaintiff's improperly captioned "Motions" [6] [8] [18]. For the reasons discussed below, the undersigned **DENIES** Plaintiff's Motion for Discovery [15] and other "Motions" [6] [8] [18], and **RECOMMENDS** that Defendant's Motion to Dismiss [4] be **GRANTED**, and that all of Plaintiff's claims be **DISMISSED**.

## I.   BACKGROUND

The allegations set forth below are taken from Plaintiff's Complaint. Plaintiff alleges that he and his wife own the title to the homestead property located at 3106 Brians Creek Drive SE, Conyers, Georgia 30013, and Defendant scheduled a foreclosure sale of this property for November 4, 2014. Complaint [1-1] ¶¶ 6, 10.

Plaintiff's remaining "facts" also contain legal conclusions and are stated below. On December 31, 2008, Wells Fargo and Company purchased Wachovia Mortgage Corporation. *Id.* at ¶ 8. Consequently, Plaintiff alleges that "Wells Fargo is 100% liable for all the actions [of] Wachovia Mortgage Corporation also known as Wachovia." *Id.* He further alleges that agents of Wells Fargo knew or should have known that all the assignments and transfers of the deed to his homestead property are fraudulent and void. *Id.* Plaintiff alleges that Defendant's agents "are working in collusion with each other in acts of Wrongful Foreclosure, FRAUD, MISREPRESENTATION, DECEIT, Bank Fraud, Constructive Fraud, Bad Faith and Lack of Full disclosure against Plaintiff herein." *Id.* at ¶ 9.

Defendant advertised that it loaned money, so Plaintiff applied for a loan. *Id.* at ¶¶ 12-13. However, Defendant "refused to loan plaintiff legal tender or other depositors' money to fund the alleged bank loan check." *Id.* at ¶ 14. Plaintiff alleges that Defendant misrepresented the terms of the agreement to him as it "refused to

2

disclose material facts of the alleged agreement, refus[ed] to tell plaintiff if the agreement was for plaintiff to fund the alleged bank loan check or if the defendant was to use the bank's legal tender or other 'depositors' money to fund the bank loan check," and "whether the check was the consideration loaned for the alleged promissory note." *Id.* at ¶¶ 15, 24-25.

Plaintiff also raises allegations regarding the validity of the promissory note. Specifically, he contends that the alleged promissory note does not have a "bona fide signature," and that the copy of the promissory note is a "forgery." *Id.* at ¶¶ 16-17. He further contends that Defendant could not produce the original note that bears Plaintiff's name, and that the copy of the note "purports to obligate plaintiff to pay . . . $278,000.00 plus interest, giving it greater value today if it were sold to investors." *Id.* at ¶ 18. According to Plaintiff, Defendant "recorded the forged promissory note as a loan from plaintiff" and "used this loan to fund the alleged bank check[] back to plaintiff." *Id.* at ¶ 19. However, Plaintiff alleges, Defendant did not loan Plaintiff $278,000.00 nor did it "repay the unauthorized loan it recorded from plaintiff to the bank." *Id.* at ¶ 21.

Plaintiff attached a "memorandum of law" to his Complaint in which he repeats portions of his Complaint, raises issue with banking practices, copies portions of various publications and cases, and makes sweeping legal conclusions. *See generally*

3

Memorandum [1-1] at 13-55. Plaintiff alleges that Defendant would have received the equity in his home had it "fulfilled its end of the contract," but that it nevertheless received his "mortgage note without investing or risking one-cent." *Id.* at 19, 29. Plaintiff argues that he owns the mortgage note because Defendant never paid for the note or loaned him money, and that Defendant has fraudulently converted Plaintiff's funds by claiming his money as its own. *Id.* at 20-22, 29-30.

Defendant has filed a Motion to Dismiss [4], seeking to dismiss all of Plaintiff's claims.

## II.   DISCUSSION

### A.   *Jurisdiction*

This action, which involves only state law claims, was removed on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal [1] ¶ 5. Plaintiff contests the existence of subject matter jurisdiction, without any particular argument,[1] and asserts that removal is improper because Defendant's counsel "is not a party to the action" and "is attempting to testify for a witness not in

---

[1] Plaintiff merely "motion[s] [sic] the court to dismiss, quash or Strike [Defendant's counsel's] Notice/Petition of for removal from the lower court for lack of subject matter jurisdiction." *Id.* at ¶ 3.

4

appearance."[2] *Id.* at ¶ 1. Plaintiff further argues that Defendant's counsel "has placed **no facts** on the record" regarding the propriety of removal. *Id.* Lastly, Plaintiff argues that he was not timely served.[3] *Id.* at ¶ 2.

Here, it is clear that there is complete diversity among the parties. *Id.* at ¶¶ 8-9. The Court is also satisfied that the case meets the $75,000 amount-in-controversy requirement of § 1332(a). Generally, the amount-in-controversy in an action challenging a foreclosure derives from the value of the property being foreclosed upon and/or, if loan rescission is sought, the outstanding balance on the loan. *See Walker v. U.S. Bank Nat'l Ass'n*, 572 F. App'x 740, 743 (11th Cir. 2014); *Rowe v. U.S. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014). Defendant did not initially provide the value of Plaintiff's property. *See generally* Notice of Removal [1].

---

[2] Defendant has retained counsel in this action, and thus, Defendant's counsel may speak on its behalf. *See* RULES OF PRO'L RESPONSIBILITY R. 1.2(a) ("A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.").

[3] Plaintiff does not indicate when he was served. *See generally* Notice of Objection [5]. Defendant notes that it served Plaintiff on December 8, 2014, which is the day that it timely filed the Notice of Removal. *See* Notice of Removal [5] at 5-6. The Court on this record sees no deficiency in the timing of service of the Notice of Removal. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

However, in response to Plaintiff's Notice of Objection, Defendant provided documentation from the Rockdale County Board of Tax Assessors indicating that the property's value in 2014 was $145,600.00. Defendant's Response [7] at 3. Because Plaintiff seeks, among other things, equitable relief that would entirely dispose of Defendant's rights to foreclose, and would essentially cancel the mortgage, the Court finds this property value to be an appropriate basis of the amount-in-controversy.[4] As more than $75,000 is at issue, therefore, it is proper for the Court to exercise diversity jurisdiction.

B.     *Standard on a Motion to Dismiss*

Defendant has filed a Motion to Dismiss [4], arguing that res judicata and collateral estoppel bar Plaintiff's claims. Motion to Dismiss [4-1] at 6-8. Moreover, Defendant argues that Plaintiff's Complaint should be dismissed because it fails to

---

[4] The property value should not always be used as the amount-in-controversy for a wrongful foreclosure lawsuit. To the extent a lawsuit only alleges technical faults in foreclosure procedures vis-à-vis a particular foreclosure proceeding, but does not otherwise seek to extinguish the creditor's right to foreclose or collect on the loan altogether, then the value of the property may not be relevant, because the Plaintiff would presumably still face the prospect of foreclosure regardless of the outcome of the lawsuit. *See, e.g., Fuller v. Suntrust Mortgage*, No. 1:13-CV-3924, 2014 WL 3887916 (N.D. Ga. Aug. 6, 2014). Here, while Plaintiff asserts technical violations, Plaintiff also seeks equitable relief declaring Defendant's security interests in the property to be void altogether, which would entirely dispose of Defendant's rights to foreclose and dispossess Plaintiff.

"meet the basic Federal pleading standard."[5] *Id.* at 8-9. In any event, Defendant contends that all the claims asserted against it in the Complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

---

[5] The Court agrees that Plaintiff's Complaint does not meet the requirements of federal civil procedure in that he has not presented "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Instead, Plaintiff has filed a "shotgun pleading" that requires the Court to "speculate as to which factual allegations pertain to which count." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997); *see also Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997) (classifying a complaint as a shotgun pleading, where the complaint was "so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming"). Nevertheless, the appropriate remedy for a shotgun pleading, especially when Plaintiff is *pro se*, is to allow at least one opportunity to re-plead before considering dismissal with prejudice. Doing so here, however, would be futile because it is clear for many reasons that this Complaint fails to state a claim and cannot proceed as a matter of law.

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)) (other citation and modification omitted).

As noted above, a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6), but when a plaintiff has referred to documents in the complaint and such documents are central to the plaintiff's claims, a court may consider those documents as part of the pleadings in the case and may consider them in resolving a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those

documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal").

Moreover, the Eleventh Circuit has made it clear that when a plaintiff attaches exhibits to a complaint and the exhibits contradict the allegations of the complaint, the exhibits control. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

> Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.

*Id.*; *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)[6] ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed.R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.") (citation omitted).

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

In this case, Plaintiff referred to the Notice of Claim of Lis Pendens Lien, and he attached a copy of this Notice to the Complaint. *See* Memorandum [1-1] at 52-58. Because he attached this document to the Complaint, it is considered part of the Complaint for all purposes. FED. R. CIV. P. 10(c).

In addition, Defendant has also submitted exhibits in connection with its Motion to Dismiss, including the Warranty Deed, Plaintiff's limited power of attorney agreement, the Security Deed, the Petition from Plaintiff's prior state court lawsuit – involving Plaintiff and the subject property – that was removed to this Court ("*Spooner I*"), and this Court's final judgment in *Spooner I*. Motion to Dismiss [4], Exs. A-F.

When a court is considering a motion to dismiss under Rule 12(b)(6), documents attached to the motion to dismiss may be considered if the document is both central to the plaintiff's claim and undisputed. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement . . . ."). "'Undisputed' means that the authenticity of the document is not challenged." *Day*, 400 F.3d at 1276.

Because the documents submitted by Defendant appear to be central to Plaintiff's claims, and because Plaintiff also has not challenged the authenticity of these documents, they may be considered as part of the pleadings in this case in resolving the Motion to Dismiss. *See SFM Holdings, Ltd.*, 600 F.3d at 1337.

### C.  *Res Judicata*

Defendant argues that res judicata bars Plaintiff's claims regarding its right to foreclose. Motion to Dismiss [4-1] at 6.

Under the principle of res judicata, or claim preclusion, a final judgment on the merits in a civil action operates to preclude a party, or those in privity with that party, from re-litigating in a subsequent proceeding issues that were or could have been raised in the original action. *Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981); *see Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). The doctrine is "a rule of fundamental and substantial justice, of public policy and of private peace," operating to protect defendants against duplicative litigation over the same claims, and accordingly, may not be overridden based on equitable considerations. *Federated Dep't Stores*, 452 U.S. at 401 (quotation omitted). "The doctrine of res judicata is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies. As to the parties in the prior

11

proceeding and their privies, res judicata constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action." *Baptiste v. IRS*, 29 F.3d 1533, 1539 (11th Cir. 1994).

Federal courts apply state law to questions of res judicata. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir.1990). In Georgia, the doctrine of res judicata applies if the following four elements are present: (1) there is a final judgment on the merits of the first action; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties to both actions, or those in privity with them, are identical; and (4) the causes of action in both suits are identical, or the claims asserted in both suits arise out of the same events or the same nucleus of facts. *Laskar v. Peterson*, 771 F.3d 1291, 1300 (11th Cir. 2014); *Pleming*, 142 F.3d at 1356-57. Significantly, res judicata does not bar only those claims actually raised in the first suit; it also bars those claims which the plaintiff *could* have raised in the prior suit, if those claims arise out of the same transactions or events at issue in the prior suit. *See O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000). A court may consider the defense of res judicata in a motion to dismiss filed pursuant to Rule 12(b)(6) when the existence of the defense can be judged from the face of the complaint. *Starship Enter. of Atlanta, Inc. v. Coweta Cnty.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013). The court may also take judicial notice of another court's orders in

doing so. *See Tuscano v. Evening Journal Assoc.*, 179 F. App'x 621, 623 n.3 (11th Cir. 2006).

The Court takes judicial notice of this Court's final judgment from *Spooner I*, which Defendant has attached to its Motion to Dismiss. Motion to Dismiss [4-1], Ex. F. In *Spooner I*, Plaintiff filed a lawsuit against Defendant Wells Fargo and others. *Id.*, Ex. E. Defendants filed a Motion to Dismiss to which Plaintiff Spooner did not respond. *See id.*, Ex. F at 1-2. Thus, this Court granted Defendants' Motion to Dismiss as unopposed, pursuant to Local Rule 7.1. ("Failure to file a response shall indicate that there is no opposition to the motion."). The first three elements of res judicata are thus satisfied as a court of competent jurisdiction has entered a final judgment on the merits, and the parties in both actions are identical. *See Federated Dep't Stores, Inc.*, 452 U.S. at 399 n.3 ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.") (quotation omitted); *see also Angel v. Bullington*, 330 U.S. 183, 190 (1947) ("It is a misconception of res judicata to assume that the doctrine does not come into operation if a court has not passed on the merits in the sense of the ultimate substantive issues of a litigation.") (quotation omitted); *Butler v. Home Furnishing Co.*, 296 S.E.2d 121, 122 (Ga. Ct. App. 1982) ("A default judgment is considered to be on the merits.") (quotation omitted).

Thus, the only remaining issue is whether the causes of action in both suits are identical, or the claims asserted in both suits arise out of the same events or the same nucleus of facts. *See Laskar*, 771 F.3d at 1300; *Pleming*, 142 F.3d at 1356-57. Thus, this Court must examine the issues that Plaintiff has currently raised in *Spooner II* and compare them with those "explored in the first case" in *Spooner I*. *Pleming*, 142 F.3d at 1357.

In this case, *Spooner II*, Plaintiff does not separately identify his causes of action with supporting allegations. *See generally* Complaint [1-1]. However, Plaintiff makes a blanket statement that seemingly contains all of his claims: "It appears as though agents for Wells Fargo . . . are working in collusion with each other in acts of Wrongful Foreclosure, FRAUD, MISREPRESENTATION, DECEIT, Bank Fraud, Constructive Fraud, Bad Faith, and Lack of Full disclosure against Plaintiff herein." *Id.* at 4, 13-14. In support of these claims, Plaintiff alleges in pertinent part that Defendant misrepresented the terms of the original loan and cannot produce the original promissory note. *Id.* at 5. He seems to allege that Defendant lacks standing to foreclose upon his property because Defendant did not loan money directly to Plaintiff. *Id.* As a result, Plaintiff seeks injunctive relief to stop a foreclosure sale that was scheduled for November 4, 2014, a declaratory judgment "instructing [him] of

his rights under the law," the granting of his *lis pendens* lien, treble damages, and attorney's fees. *Id.* at 6-7.

In *Spooner I*, Plaintiff alleged five causes of action, all of which pertained to a foreclosure sale of the property at issue in *Spooner II*. *See generally* Motion to Dismiss [4], Ex. E. First, Plaintiff alleged that Defendant lacked standing to foreclose because it did not hold the note, did not comply with the terms of its securitization requirements, and because it did not have any security interest in the property. *Id.* at 15.

Plaintiff, in *Spooner I*, next raised two fraud claims – fraud in the concealment and fraud in the inducement. *Id.* at 16-19. Plaintiff's fraud-in-the-concealment claim was based on Defendant's alleged failure to inform him of the material terms of the loan. *Id.* at 16-17. Specifically, Plaintiff alleged that he would not have entered into the loan had he known that the loan would be securitized and had he known about the terms of the securitization agreements. *Id.* at 16-17. In support of his fraud-in-the-inducement claim, Plaintiff alleged that Defendant "intentionally misrepresented" that it was entitled to exercise the power of sale provision contained in the mortgage. *Id.* at 17. Plaintiff further alleged that Defendant committed fraud by misrepresenting that it was the holder and owner of the Note and the beneficiary of the mortgage. *Id.* at 18.

15

Plaintiff next sought to quiet title in the property because he alleged that Defendant did not have any right to or interest in the property. *Id.* at 19. Plaintiff also sought declaratory relief to set forth "the rights, obligations and interest of the parties with regard to the Property[.]" *Id.* at 20. He requested that the Court determine the validity of the mortgage/trust deeds and the notice of default, and whether Defendant had the right to foreclose upon his property. *Id.* at 20-21. Plaintiff alleged that he was likely to succeed on the merits, so he sought a preliminary injunction to stop the foreclosure sale that was to take place within a week of November 1, 2013. *Id.* at 25.

Here, all of the claims that Plaintiff raises in *Spooner II* pertain to his mortgage and a foreclosure sale of his property. He is in essence re-litigating *Spooner I*, including many of the same issues and others that plainly pertain to the same nucleus of operative facts, and hoping for a different result. However, this is exactly the type of lawsuit that res judicata bars. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1240 (11th Cir. 1999) ("textbook res judicata" involves a plaintiff's "hope of obtaining a second bite at the apple, should [his] first action prove unsuccessful.").

The one potential caveat is that Plaintiff now alleges that he has "newly discovered evidence of Fraud on the part of the defendant in a foreclosure action Scheduled for November 4, 2014 on the steps of the Superior Court of Rockdale County, Georgia." Complaint [1-1] at 3. The undersigned will consider this claim to

the extent that Plaintiff is arguing that this particular fraud claim only arose after *Spooner I*. *See Pleming*, 142 F.3d at 1357 ("[W]e do not believe that the res judicata preclusion of claims that could have been brought in earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation.") (quotation omitted). Here, however, Plaintiff's Complaint has identified no evidence of a claim that he could not have raised in *Spooner I*. Instead, he vaguely mentions Defendant's "fraudulent practices" and "fraudulent documents," but these allegations seemingly refer to those that he raised in *Spooner I* as fraud in the inducement and fraud in the concealment. Thus, he is merely reasserting his previously raised allegations under the guise of "newly discovered evidence," and res judicata bars such allegations.[7]

Res judicata directly bars Plaintiff's substantive claims of wrongful foreclosure, fraud, misrepresentation, deceit, bank fraud, constructive fraud, bad faith, and lack of full disclosure. The Complaint involves various remedial claims for a

---

[7] Moreover, the Complaint clearly fails to sufficiently plead fraud with particularity. *See* O.C.G.A. § 9-11-9; *see also* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). To establish fraud, a plaintiff "must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled [him]; and (4) what the defendant[] gained by the alleged fraud." *Brooks*, 116 F.3d at 1380-81 (citation omitted). Here, Plaintiff has not alleged facts that would be sufficient to establish the elements of Defendant's alleged fraud or sufficient facts to allow the Court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

temporary restraining order, declaratory judgment, and attorney's fees. These obviously fail too because they are premised on alleged substantive violations that are barred and cannot proceed as a matter of law. These claims fail for many other reasons, including that Plaintiff has not alleged that he has paid any tender to entitle him to pursue equitable relief, and that as a *pro se* Plaintiff, he cannot recover attorney's fees.[8]

Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [4] be **GRANTED**.

D. *Motion for Discovery*

Plaintiff has filed a Motion for Discovery [15]. This Motion is **DENIED**. Defendant has not yet filed an Answer in this case, and the parties have not mutually agreed that the discovery period should begin earlier. Thus, the discovery period has not yet begun, and Plaintiff is not entitled to discovery prior to the adjudication of the Motion to Dismiss [4]. *See* LR 26.2A, NDGa ("The discovery period shall commence

---

[8] Defendant raises a secondary argument for dismissal that collateral estoppel bars Plaintiff from raising claims involving the assignments and securitization of the Note. Motion to Dismiss [4] at 8. This issue is unnecessary to reach because res judicata clearly bars these claims as Plaintiff either raised such claims or could have done so in *Spooner I*.

thirty (30) days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier.").

  E. *Plaintiff's Other "Motions"*

Throughout the course of this lawsuit, Plaintiff has filed many documents titled "Motion," when they are in fact not motions: (1) Plaintiff titles his Response to Defendant's Motion to Dismiss as a "Motion" [6]; (2) Plaintiff refers to his Reply to Defendant's Response to his "Notice of Objection" [5] as a "Motion" [8]; and (3) Plaintiff names his Reply to Defendant's Response to his "Motion for Discovery" as a "Motion" [18].

Although Plaintiff has styled these documents as "motions," he has not requested any specific relief from the Court, other than arguing that the Court should deny Defendant's Motion to Dismiss and objecting to Defendant's Responses. The Court has considered the arguments presented in Plaintiff's other "Motions" as they related to the Motion to Dismiss and Plaintiff's request to remand. Otherwise, the undersigned **DENIES** Plaintiff's other improperly captioned "Motions" [6] [8] [18].

**III.  RECOMMENDATION**

For the reasons discussed above, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss [4] be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED** in its entirety for failure to state a claim against Defendant. Moreover,

the Court **DENIES** Plaintiff's Motion for Discovery [15] and Plaintiff's improperly captioned "Motions"  [6] [8] [18].

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 6th day of August, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE